United States Court of Appeals,

Eleventh Circuit.

No. 95-8381.

Nicholas Lee INGRAM, Plaintiff-Appellant,

v.

Allen L. AULT, Jr., and in his capacity as Commissioner of Georgia Department of Corrections, Albert G. Thomas, Warden, as an individual and in his capacity as Warden of the Georgia Diagnostic & Classification Center at Jackson, Georgia, John Doe, as an individual and in his capacity as the Georgia State Executioner, Defendants-Appellees.

April 6, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 95-CV-875-HTW), Horace T. Ward, Judge.

Before HATCHETT, COX and BIRCH, Circuit Judges.

PER CURIAM:

Appellant Nicholas Ingram is currently on death row in Georgia. Less than a week before his scheduled execution, Ingram filed a civil rights action in which he moved for a temporary restraining order enjoining his pending electrocution. The district court denied Ingram's motion. We affirm.

BACKGROUND

We previously denied Ingram's petition for a writ of habeas corpus in *Ingram v. Zant,* 26 F.3d 1047 (11th Cir.1994). On February 21, 1995, the United States Supreme Court denied Ingram's petition for a writ of certiorari. *Ingram v. Thomas,* --- U.S. ----, 115 S.Ct. 1137, 130 L.Ed.2d 1097 (1995). Ingram's execution was then scheduled for 7:00 p.m. on April 6, 1995.

On March 31, 1995, Ingram filed this lawsuit pursuant to 42 U.S.C. § 1983 against appellees, officials of the Georgia

Department of Corrections, in the United States District Court for the Northern District of Georgia. Ingram alleges that: (1) execution by electrocution constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; (2) appellees' policies will deny him face-to-face contact with his spiritual advisor during the hours immediately preceding his scheduled execution, and only provide a prison chaplain who is not of his faith as an alternative, in violation of the First and Fourteenth Amendments; and (3) appellees' policies will deny him face-to-face contact with his lawyer during the hours immediately preceding his scheduled execution in violation of the Sixth and Fourteenth Amendments. On the same date, Ingram also filed a motion for a temporary restraining order (TRO), requesting the district court to enjoin "the unconstitutional use of the Electric Chair." On April 4, 1995, the district court denied Ingram's motion for a TRO to enjoin his execution by electrocution. On April 5, 1995, the district court denied Ingram a TRO on his claims for face-to-face contact with his spiritual advisor and lawyer.[1] Also on April 5, 1995, Ingram filed a motion to expedite his appeal and for oral argument. On the morning of April 6, 1995, we granted Ingram's motion for an expedited appeal and granted the parties an opportunity to provide additional briefing until noon of that day. Appellees submitted additional briefing; Ingram did not. We now deny the motion for oral argument.

---

[1]After the district court entered its initial order on April 4, 1995, Ingram immediately filed a notice of appeal. We read his notice of appeal to also include the district court's order of April 5, 1995.

ISSUE

The issue on appeal is whether the district court abused its discretion in denying Ingram's motion for a TRO.

DISCUSSION

Though we concur with appellees' contention that this court does not have jurisdiction to review the district court's denial of Ingram's motion for a TRO pursuant to 28 U.S.C. § 1292(b), we find that this court does have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). Ordinarily, the denial of a motion for a TRO is not appealable under § 1292(a)(1). *Cuban American Bar Ass'n, Inc. v. Christopher,* 43 F.3d 1412, 1421 (11th Cir.1995). TRO rulings, however, are subject to appeal as interlocutory injunction orders if the appellant can disprove the general presumption that no irreparable harm exists. *McDougald v. Jenson,* 786 F.2d 1465, 1473 (11th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986). Furthermore, "when a grant or denial of a TRO "might have a "serious, perhaps irreparable, consequence," and ... can be "effectually challenged' only by immediate appeal,' we may exercise appellate jurisdiction." *Romer v. Green Point Sav. Bank,* 27 F.3d 12, 15 (2d Cir.1994) (quoting *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1981)). Because the district court denied Ingram's motion for a TRO, he faces execution in less than twenty-four hours. The requirements of irreparable harm and need for immediate appeal are therefore satisfied. Thus, we have jurisdiction over this action.[2]

---

[2]Because appellees did not argue in the district court the doctrine articulated in *Gomez v. United States Dist. Court for the N. Dist. of Cal.,* 503 U.S. 653, 112 S.Ct. 1652, 118 L.Ed.2d

We review the district court's ruling for abuse of discretion. *Majd-Pour v. Georgiana Community Hosp.,* 724 F.2d 901, 902 (11th Cir.1984). To be entitled to a TRO, a movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest. *Gresham Park Community Org. v. Howell,* 652 F.2d 1227, 1232 n. 7 (5th Cir.1981).[3]

Regarding Ingram's Eighth Amendment claim, the district court, focusing on the first of these factors, held that "in light of the overwhelming legal preceden[ts] in the lower federal courts, including the Eleventh [a]nd Fifth Circuit[s,] ... plaintiff has not established a substantial likelihood that he will prevail on the merits of his claim." This holding clearly did not constitute an abuse of discretion. We agree that, in light of precedent, Ingram is not likely to prevail on the merits of this claim. *See Johnson v. Kemp,* 759 F.2d 1503, 1510 (11th Cir.1985) ("The contention that death by electrocution violates the Eighth Amendment is frivolous."); *Sullivan v. Dugger,* 721 F.2d 719, 720 (11th Cir.1983) (denying motion for a TRO alleging that "the carrying out of appellant's death sentence by means of electrocution is cruel and unusual punishment in violation of the

_____

293 (1992), we decline to address that issue.

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precednet all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Eighth and Fourteenth Amendments"); *Spinkellink v. Wainwright,* 578 F.2d 582, 616 (5th Cir.1978) (rejecting petitioner's contention that electrocution constitutes cruel and unusual punishment in violation of Eighth and Fourteenth Amendments), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).

Similarly, in its April 5, 1995 order, the district court found that Ingram had not established a substantial likelihood of success on the merits of his First Amendment claims. Specifically, the district court held that "the mere fact that a prison chaplain is of one particular faith" does not constitute an Establishment Clause violation. The district court also determined that Ingram failed to show "how face to face contact [with his spiritual advisor] is essential to the practice of his religion during the hours prior to his death.... [T]his is not sufficient to establish that defendants' regulations substantially burden plaintiff's exercise of religion." We hold that the district court did not abuse its discretion in denying Ingram a TRO on his First Amendment claims. *See Johnson-Bey v. Lane,* 863 F.2d 1308, 1312 (7th Cir.1988) ("Prisons are entitled to employ chaplains and need not employ chaplains of each and every faith to which prisoners might happen to subscribe...."); *Bryant v. Gomez,* 46 F.3d 948, 949 (9th Cir.1995) (rejecting prisoner's section 1983 free exercise claim under "substantial burden" test).[4]

---

[4]Also in its April 5, 1995 order, the district court noted that appellees agreed to allow Ingram telephonic access to his lawyer during the three hours immediately preceding his scheduled execution. The district court found that Ingram's "attorney appeared to concede that telephonic communication would satisfy plaintiff's right guaranteed under the Sixth Amendment to assistance of retained counsel[,]" and that, in any event,

In sum, we agree with the district court's conclusions that Ingram did not establish a likelihood of success on the merits of any of his claims. Consequently, we need not address the other factors relevant to the TRO inquiry.

CONCLUSION

The district court did not abuse its discretion in denying Ingram's motion for a TRO. Accordingly, we affirm.[5]

AFFIRMED.

---

telephonic access would satisfy the Sixth Amendment. We agree and note that Ingram has not challenged the district court's assertions.

[5]The mandate shall issue on April 6, 1995 at 5:00 p.m.