[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13870
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00865-MMH-TEM

THOMAS RENALDO JONES,

Plaintiff - Appellant,

versus

S. L. BROWN,
Detective, 7742,
J. S. HANSON,
Detective, 63165,
R. B. COLE,
Detective, 7777,
D. J. PERROTTI,
Detective, 6703,
J. D. CATIR,
Detective, 19267, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 25, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Thomas Jones, proceeding *pro se*, appeals the district court's denial of his motion for a preliminary injunction in a civil rights action Jones pursued under 42 U.S.C. § 1983.[1]  For the reasons that follow, we affirm.

In August 2011, Jones sued six officers of the Jacksonville Sheriff's Office, alleging that, during his arrest and detention earlier that year, the defendants severely beat him and denied him medical treatment.  He thereafter moved for a preliminary injunction against the defendants, contending that he had reason to fear, upon his release from custody, retaliation from the defendants against him and his children.  The district court denied the motion because Jones failed to comply with Federal Rule of Civil Procedure 65 and the local rules of the Middle District of Florida.  Jones appealed.[2]

We review the district court's denial of a preliminary injunction for an abuse of discretion.  *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir.

---

[1]  To the extent Jones also seeks review of the district court's denial of his motion for a temporary restraining order, we lack jurisdiction to do so.  *See Ingram v. Ault*, 50 F.3d 898, 899 (11th Cir. 1995).

[2]  In his appellate brief, Jones requests that we appoint counsel.  We decline to do so because the case does not present the exceptional circumstances we require to appoint counsel in a civil action.  *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("Appointment of counsel in civil cases is . . . a privilege 'justified only by exceptional circumstances,' such as the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" (alteration in original) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987))).

2001).  Although we hold *pro se* pleadings to a less stringent standard than those prepared by counsel, even *pro se* litigants must conform to procedural pleading rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The district court correctly determined that Jones failed to follow Rule 65(c) and Middle District of Florida Local Rules 4.05 and 4.06.  Rule 65(c) provides that a district court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined . . . ."  Fed. R. Civ. P. 65(c).  Jones did not provide any such security, and the district court was unable to discern what amount was proper under Rule 65(c) because Jones failed to adequately "set forth facts on which the Court [could] make a reasoned determination as to the amount of security which must be posted . . . ."  M.D. Fla. R. 4.05(b)(3)(ii), 4.06(b)(1).  Because Jones failed to comply with these procedural requirements, the district court was correct to deny Jones's motion for a preliminary injunction.[3]

**AFFIRMED.**

---

[3]  Because we conclude the district court properly denied Jones's motion based on his failure to comply with procedural requirements, we do not address the court's alternative conclusion that Jones's motion fails on the merits.