[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-11021; 14-11675
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-60306-MGC


LAURA M. WATSON,

Plaintiff-Appellant,

versus

FLORIDA JUDICIAL QUALIFICATIONS COMMISSION,
RUBEN V. CHAVEZ,
Co-Special Counsel to the Florida Judicial Qualifications
Commission, in individual and official capacities,
MAYANNE DOWNS,
Member of the Hearing Panel of the Florida Judicial
Qualifications Commission, in individual and official capacities,
KERRY I. EVANDER,
Chair of the Hearing Panel of the Florida Judicial Qualifications
Commission, in individual and official capacities,
THOMAS B. FREEMAN, Member of the Investigative Panel of
the Florida Judicial Qualifications Commission, in individual and official
capacities,
et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 1, 2015)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Laura M. Watson, proceeding *pro se*, appeals the district court's denial of her motion for a temporary restraining order, a preliminary injunction, and a permanent injunction, pursuant to Federal Rule of Civil Procedure 65, in addition to its *sua sponte* dismissal of her complaint raising a claim for declaratory judgment under 28 U.S.C. § 2201, claims of procedural and substantive due process violations under 42 U.S.C. § 1983, state law claims of malicious prosecution and abuse of process, and a request for injunctive relief. Watson argues that the district court abused its discretion by applying *Younger*[1] abstention to her motion and complaint. The appellees argue that Watson's claims for monetary damages were barred by Eleventh Amendment immunity.

I.

We review the district court's decision to apply *Younger* abstention for an abuse of discretion. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir.

_____

[1] *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

2004).  A district court abuses its discretion if it applies an inappropriate legal standard or fails to follow proper procedures.  *Id.*  We review the denial of a preliminary injunction and a permanent injunction for an abuse of discretion.  *Horton v. City of St. Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001) (preliminary injunction); *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1349 (11th Cir. 2009) (permanent injunction).  Ordinarily, we lack jurisdiction to review the denial of a temporary restraining order unless the appellant can show that irreparable harm will result and that the denial can only be effectually challenged by an immediate appeal.  *Ingram v. Ault*, 50 F.3d 898, 899-900 (11th Cir. 1995).

*Younger* abstention is applicable to noncriminal judicial proceedings that vindicate important state interests or are necessary for the state's judicial system to function.  *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).  *Younger* abstention should only be applied when the federal proceeding will intrude on an ongoing state criminal proceeding, a civil enforcement proceeding akin to a criminal prosecution, or a civil proceeding involving an order that uniquely furthers the state's ability to perform judicial functions.  *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 591-92, 187 L.Ed.2d 505 (2013).  Civil enforcement actions akin to criminal prosecutions generally are initiated to sanction the federal plaintiff for a wrongful act.  *Id.* at 592.  A state actor often will initiate the action and act as a party.  *Id.*  These civil enforcement actions often

3

involve a formal investigation and a complaint filed at the end of the investigation. *Id.*

For *Younger* abstention to apply, state judicial proceedings must be ongoing, the proceedings must implicate important state interests, and the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state proceedings. *31 Foster Children*, 329 F.3d at 1274. The first factor is met when a state proceeding is ongoing and the relief sought by the plaintiff would interfere with the state proceeding. *Id.* at 1275-76. The plaintiff's requested relief can interfere with the state proceeding if it would disrupt the normal course of action in the state proceeding, even if the relief sought would not terminate an ongoing proceeding. *Id.* at 1276.

If the first two factors for *Younger* abstention are met, the plaintiff has the burden to show that the state proceeding will not provide him an adequate remedy for his federal claim. *Id.* at 1279. "A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* (internal quotation omitted). A plaintiff has an adequate remedy for his constitutional claim, for purposes of *Younger* abstention, if he can raise his constitutional claim during the state court's review of an administrative proceeding. *Ohio Civil Rights Comm'n v. Dayton Christian Sch, Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512 (1986).

Exceptions to *Younger* abstention include bad faith, harassment, or a patently invalid state statute. *Redner v. Citrus Cnty.*, 919 F.2d 646, 649 (11th Cir. 1990). A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction. *Id.* at 650. A state statute may cause irreparable injury, justifying an exception to *Younger* abstention, when it flagrantly and patently violates express constitutional prohibitions. *Hughes*, 377 F.3d at 1264. Otherwise, extraordinary circumstances may justify an exception to *Younger* abstention when the state court cannot fairly and fully adjudicate the constitutional issues and the plaintiff presents "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 124-25, 95 S.Ct. 1524, 1531, 44 L.Ed.2d 15 (1975).

As an initial matter, we lack jurisdiction to consider her claim that the temporary restraining order should have been granted. *Ingram*, 50 F.3d at 899-900. Further, we find that the district court did not abuse its discretion by applying *Younger* abstention to Watson's motion. The district court correctly determined that this proceeding by the Florida Judicial Qualifications Commission ("FJQC") was a civil proceeding akin to a criminal prosecution because it sought to punish Watson for alleged unethical actions, and it was initiated and prosecuted by a state actor. *Sprint Commc'ns*, 134 S.Ct. at 592. Watson does not challenge Florida's interest in preserving the quality of its judiciary, and thus we conclude the FJQC

5

proceeding furthers an important state interest. Watson also admitted that the FJQC proceeding was ongoing at the time of her complaint and motion, and she did not demonstrate that the FJQC proceeding would not allow Watson to raise her constitutional claims. *31 Foster Children*, 329 F.3d at 1274, 1279. Finally, Watson did not demonstrate that any of the exceptions to *Younger* abstention applied, nor did she show that extraordinary circumstances existed in her case. Therefore, the district court did not abuse its discretion in exercising *Younger* abstention and denying her motion for injunctive relief. *Hughes*, 377 F.3d at 1262.

II.

*Younger* abstention applies to claims for injunctive relief, as well as claims for declaratory judgment that would effectively enjoin state proceedings. *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997). If *Younger* abstention applies to a claim for monetary damages, the Supreme Court has concluded that a district court can only stay that claim if it cannot be redressed in the state proceeding, and it has no discretion to dismiss those claims. *Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988).

The district court did not abuse its discretion by dismissing Watson's claims for injunctive and declaratory relief, as her request for a declaratory judgment would have effectively enjoined the FJQC proceeding by declaring its application

6

of the Florida Constitution unconstitutional. *Old Republic*, 124 F.3d at 1261. We have indicated that *Younger* abstention may apply to § 1983 claims raising constitutional challenges relating to an ongoing state proceeding. *See Doby*, 758 F.2d at 1405-06. Nevertheless, the district court lacked discretion to dismiss Watson's claims for monetary damages under the *Younger* doctrine because they cannot be brought in the FJQC proceeding or the Florida Supreme Court's review of that proceeding. *Deakins*, 484 U.S. at 202, 108 S.Ct. at 529; *see also* Fla. Const. art. V, § 12(a)(1), (c)(1) (granting the FJQC the power to investigate judges and to recommend discipline against a judge, and granting the Florida Supreme Court the power to review the recommendation and institute discipline).

## III.

We review an issue concerning Eleventh Amendment immunity *de novo*. *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005). Generally, we will not consider an issue raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). However, Eleventh Amendment immunity is a jurisdictional question that may be raised for the first time on appeal. *Doe v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005).

Eleventh Amendment immunity prevents a plaintiff from suing an unconsenting state in federal court. *Id.* It also bars suits against an arm of the

7

state. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*). A state official sued in his official capacity is also immune from suit, but the Eleventh Amendment does not shield a state official sued in his individual capacity. *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Because Watson brought her claims against FJQC officials in their individual capacities, the Eleventh Amendment does not immunize them from suit. Id.

Accordingly, we affirm the district court's denial of Watson's motion for a temporary restraining order, preliminary injunction, and permanent injunction. We also affirm its dismissal of Watson's claims for declaratory and injunctive relief. We reverse the district court's dismissal of Watson's claims against FJQC officials in their individual capacities for violations of § 1983, malicious prosecution, abuse of process, and punitive damages, and we remand the case. The district court can only issue a stay in the proceedings until the resolution of Watson's FJQC proceeding in the Florida Supreme Court. This appeal is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.[2]

---

[2] The parties' pending motions to supplement the record on appeal are DENIED.