[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15050
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80178-KAM

JOEL BARCELONA,

Plaintiff-Appellant,

versus

SERGEANT PARISH,
South Bay Correctional Facility,
OFFICER JONES,
South Bay Correctional Facility,
OFFICER MAGGIRT,
South Bay Correctional Facility,
NURSE CHANU,
South Bay Correctional Facility,
NURSE KELLY,
South Bay Correctional Facility, et al.,

Defendants-Appellees,

LIEUTENANT WILSON,
South Bay Correctional Facility,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 19, 2018)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Joel Barcelona, a Florida prisoner proceeding *pro se*, appeals the district court's denial of a preliminary injunction in his action for deliberate indifference to serious medical needs under 42 U.S.C. § 1983.[1] Because the district court did not clearly err when it found that Barcelona's allegations did not establish a serious medical need, we affirm the denial of that extraordinary form of relief.

According to his § 1983 complaint, Barcelona had been hospitalized ten months earlier and diagnosed with stomach ulcers and anemia after complaining of chest pain and shortness of breath. After undergoing an endoscopic procedure, Barcelona was returned to prison by Sergeant Parish without a medical discharge. He continued to experience shortness of breath and chest and abdominal pain, and prison medical staff ordered tests and prescribed medications but refused to send Barcelona back to the hospital.

---

[1] Because the Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

Four months after his hospitalization, Barcelona was transferred to another prison, where one medication was stopped. He reported three medical emergencies due to chest and abdominal pain and received medications but was allegedly told that he was not experiencing an emergency because he was still breathing. His complaint alleged that his "pain and suffering continues due to inadequate medical care" for his "life threatening medical condition." He demanded monetary damages and injunctive relief against the defendants, officials at his former prison.

Six months after filing his § 1983 complaint, Barcelona moved for transport to the hospital for further treatment, reiterating several of the allegations from his complaint. "Today, Plaintiff's pain and suffering continues," he added. "My sharp abdominal and stomach pain are damage. I feel very weak and dizzy at all times. I am easy to get tired . . . my blood level is low." He alleged that the medication he received from prison medical staff was insufficient and requested to see the hospital doctor "in order to save my life." The district court construed this motion as an emergency motion for a temporary restraining order or a preliminary injunction. It found that Barcelona had stated a prima facie case for preliminary injunctive relief and ordered the warden of Barcelona's current prison to show cause why such relief should not issue.

The warden responded that Barcelona was "not at risk of irreparable injury," offering a declaration from Department of Corrections physician Albert C. Maier

3

and 200 pages of Barcelona's prison medical records. Dr. Maier had reviewed those records and concluded that Barcelona's stomach ulcers had been successfully treated and, in light of subsequent negative hemoccult tests for the presence of blood in his stool, had not recurred. He tentatively attributed Barcelona's continuing complaints of chest pain and shortness of breath to irritable bowel syndrome, which is not life-threatening and was being treated. He noted that discontinuing one of Barcelona's medications was appropriate due to its high risk of side effects. Observing that Barcelona had made no complaints of abdominal pain during the past five months' medical visits, Dr. Maier opined that Barcelona's symptoms were well controlled and that he was not "in imminent danger of harm to his health or life." Barcelona filed no reply.

The magistrate judge recommended denying the motion, finding that the warden had rebutted the prima facie showing of entitlement to relief. Barcelona filed objections in which he reiterated the allegations in his motion, "that I am experiencing a constant sharp abdominal and stomach pain, feeling very weak and dizzy at all times," and noted that he had never been seen by Dr. Maier. He added allegations about the prison's response to an incidence of gang violence and about unrefilled prescriptions that left him without medications for 45 days.

Upon review of this record, the district court denied Barcelona's motion. It adopted the report and recommendation of the magistrate judge, finding, "The

4

more credible and compelling evidence before the Court supports the conclusion that there is no present and imminent threat to Plaintiff's medical health." Barcelona filed this interlocutory appeal.

We review the district court's denial of a preliminary injunction for an abuse of discretion, reviewing factual findings for clear error and legal conclusions *de novo*. *Scott v. Roberts*, 612 F.3d 1279, 1289–90 (11th Cir. 2010). A plaintiff seeking a preliminary injunction must establish four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."[2] *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). Because Barcelona did not establish all four of these requirements, we do not conclude that the district court abused its discretion.

With respect to the first requirement, Barcelona needed to establish a substantial likelihood of success on the merits of his deliberate indifference claim. To demonstrate deliberate indifference in violation of the Eighth Amendment, a plaintiff must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir.

---

[2] The requirements for a temporary restraining order are the same. *See, e.g.*, *Ingram v. Galt*, 50 F.3d 898, 900 (11th Cir. 1995).

2009). A serious medical need is one that objectively "posed a substantial risk of serious harm" if left untreated. *Gilmore v. Hodges*, 738 F.3d 266, 274 (11th Cir. 2013). The district court found that Barcelona did not show that he had a serious medical need. His stomach ulcers had been treated with surgery and medication, and the lack of blood in his stool showed that they had not recurred. The only life-threatening illness he suffered was effectively treated. Barcelona's remaining symptoms, attributable to non-life-threatening irritable bowel syndrome, were not imminently dangerous according to Dr. Maier. Based on this evidence, the district court did not clearly err when it found that Barcelona faced no threat of serious harm.

Thus, because Barcelona failed to establish a serious medical need, his claim of deliberate indifference is unlikely to succeed on the merits. And because Barcelona failed to establish that first requirement for preliminary injunctive relief—ordinarily the most important one, *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)—the district court did not abuse its discretion when it denied such relief.

**AFFIRMED.**

6