[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12322
_____

D.C. Docket No. 3:17-cv-00041-ELR

HANDY LAND & TIMBER, LLLP,

Plaintiff - Appellant,

versus

TRANCONTINENTAL GAS PIPE LINE COMPANY, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 1, 2019)

Before WILSON and JORDAN, Circuit Judges, and GRAHAM,\* District Judge.

PER CURIAM:

Handy Land & Timber, LLLP (Handy Land) sued Transcontinental Gas Pipe Line Company, LLC (Transco) in Georgia state court, alleging state tort claims, for Transco's removal and sale of trees from an easement on Handy Land's property. Handy Land also sought a temporary restraining order, which the district court denied. Transco removed the action to federal court and moved to dismiss the case. The district court denied Handy Land's motion to remand and granted Transco's motion to dismiss. After the benefit of oral argument, we affirm.

## I.

The Federal Energy Regulatory Commission (FERC) issued a certificate (FERC Certificate) approving Transco's construction of a natural gas pipeline extension under the Natural Gas Act. 15 U.S.C. § 717f. Transco initiated condemnation proceedings in federal court to acquire easements along the pipeline route, which included Handy Land's property, and obtained a preliminary injunction granting access to the property under its FERC Certificate.[1]

Transco removed trees within its easement on Handy Land's property and sold the timber for profit. Handy Land filed suit against Transco in Georgia state

---

\*Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

[1] These condemnation proceedings are still ongoing.

court, claiming trespass to chattels, money had and received, and trover.  Handy Land sought (1) to enjoin the removal and sale of trees, or alternatively, recover damages, and (2) a temporary restraining order (TRO) to stop Transco's removal of trees.  Transco removed the action to federal court, and Handy Land moved to remand the case for lack of subject matter jurisdiction; the district court denied Handy Land's motion.

Transco filed a motion to dismiss Handy Land's suit.  Handy Land did not file a response.  The district court denied Handy Land's motion for a TRO and granted Transco's motion to dismiss.  Handy Land now appeals, challenging (1) the district court's subject matter jurisdiction over its claims, (2) the court's denial of its TRO motion, and (3) the court's grant of Transco's motion to dismiss.

## II.

"We review *de novo* a district court's denial of a motion to remand a state-court action because it implicates subject-matter jurisdiction."  *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1283 (11th Cir. 2015).

District courts have jurisdiction over civil actions arising under federal law when an asserted state law claim necessarily raises a substantial and important federal issue.  *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013).  If a plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may . . . attach to the state-law claim."  *Hill v.*

3

*BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004).  Substantial federal question jurisdiction exists when the issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the congressionally-approved balance between federal and state courts.  *Gunn*, 568 U.S. at 258.

A federal court granted Transco authority to enter Handy Land's property via an easement circumscribed by Transco's FERC Certificate.  To recover on its state tort claims, Handy Land must demonstrate that Transco wrongfully removed trees from the easement—which would require Handy Land to show that the FERC Certificate did not authorize removal.  A court deciding Handy Land's claims "must necessarily interpret" the language of the federally-granted FERC Certificate that defines the scope of Transco's authority.  *Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268, 1275 (11th Cir. 2017).

This question of law requires an evaluation of federally-granted authority and clearly implicates federal interests.  Allowing a federal court to answer this question will ensure that a state court is not burdened with adjudicating damages claims that are already part of a pending federal condemnation action, avoiding the risk of inconsistent awards in state and federal courts.  The district court did not err in exercising substantial federal question jurisdiction over Handy Land's claims.

III.

We review a district court's interpretation of its local rules for abuse of discretion. *Fils v. City of Aventura*, 647 F.3d 1272, 1282 (11th Cir. 2011).  Under Local Rule 7.1(B) of the Northern District of Georgia, failure to respond to a motion within fourteen days after service "shall indicate that there is no opposition to the motion."  The district court granted Transco's motion to dismiss because Handy Land failed to respond under Local Rule 7.1(B), but also discussed the merits of several of Handy Land's claims, noting that it would grant dismissal "for the well-stated reasons in [Transco's] motion."  This was not an abuse of discretion.  Moreover, Handy Land has failed to brief any merits-related grounds for dismissal on appeal.

## IV.

Appellate courts may only review denial of a TRO motion under 28 U.S.C. § 1292(a)(1) when the appellant disproves the general presumption that no irreparable harm exists and shows that immediate appeal is necessary.  *Ingram v. Ault*, 50 F.3d 898, 899–900 (11th Cir. 1995).  We lack jurisdiction here because Handy Land has failed to show irreparable harm or need for immediate appeal.

**AFFIRMED**.