[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13834

Non-Argument Calendar

_____

WILLIAM M. PICKARD, III,

Plaintiff-Appellant,

*versus*

AMERICAN PRIDE PROPERTIES LLC,
SPM PROPERTY MANAGEMENT LLC,
a.k.a. SPM Inc,
TIFFANY CONE,
TODD MINER,
DOUGLAS Q. GALE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cv-01545-AMM

———————————————

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

William Pickard appeals the district court's orders denying his motion for a temporary restraining order (TRO) to prevent his eviction from a disputed property and his motion for reconsideration of the order denying his first request for a TRO, in a case where Pickard's underlying claims involve allegations of discrimination in violation of the Fair Housing Act, the Fair Housing Act Amendments of 1988, and 42 U.S.C. § 1983. Pickard asserts the district court abused its discretion by denying his motion seeking a TRO because the court had the required authority to grant such relief and Pickard established he was entitled to a TRO.

To establish entitlement to a TRO, a party must demonstrate "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

We have stated it is the Appellant's burden to ensure the record on appeal is complete. *Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006). When the absence of a complete

record prevents us from conducting a meaningful review, the district court's judgment will ordinarily be affirmed. *Id.* The burden of ensuring the completeness of the record on appeal extends to *pro se* appellants. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Pickard has not demonstrated the district court abused its discretion in denying his requests for a TRO. *See Ingram*, 50 F.3d at 900 (reviewing a district court's ruling on a preliminary injunction or a TRO appealable as an interlocutory injunction for an abuse of discretion). As the Appellant, Pickard had the burden of ensuring the record was complete so this Court could conduct a meaningful review of the district court's rulings. *See Selman*, 449 F.3d at 1333. However, Pickard did not provide the transcript of the hearing at which the district court articulated its reasons for denying his motion for a TRO. Additionally, the district court's order denying the motion for a TRO stated the denial was based on the reasons discussed at the hearing. Similarly, the order denying Pickard's motion for reconsideration stated only that the district court saw no reason to reconsider its previous decision. As such, the district court's findings and reasons for denying the TRO remain unknown. Furthermore, while Pickard asserts the district court had the authority to grant the TRO and contends he sufficiently established his entitlement to it, he neglected to specify the grounds on which the district court denied his motions.

Based on the available record, it is not apparent the district court applied an incorrect legal standard, followed an improper procedure, or made a clearly erroneous finding of fact. *See Klay v.*

*United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (explaining a district court abuses its discretion when "it applies an incorrect legal standard, follows improper procedures in making [a] determination, or makes findings of fact that are clearly erroneous"). The hearing transcript is the only document that contains the district court's findings and reasoning for denying the TRO. Because Pickard has not provided it, this Court cannot conduct a meaningful review of the orders Pickard appeals. *Selman*, 449 F.3d at 1333. Additionally, Pickard has not otherwise demonstrated the district court abused its discretion in denying his motions. Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] We DENY as moot Pickard's motion to expedite his appeal.