[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14185

Non-Argument Calendar

_____

LOIS M. SOMERVILLE,

Plaintiff-Appellant,

*versus*

DEPARTMENT OF HEALTH AND HUMAN SERVICES,
U.S. ATTORNEY MIDDLE DISTRICT OF FLORIDA,
U.S. ATTORNEY GENERAL,
AETNA LIFE INSURANCE COMPANY,
CVS CAREMARK, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-02185-JSS-EJK

_____

Before BRANCH, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Lois Somerville, *pro se*, appeals from the district court's December 20, 2024 order denying her motion for a temporary restraining order ("TRO"). The district court's order is not appealable under 28 U.S.C. § 1291, because it did not end the litigation on the merits. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

The district court's order is also not appealable under 28 U.S.C. § 1292(a)(1), because it did not deny a request for injunctive relief. *See* 28 U.S.C. § 1292(a)(1). Somerville explicitly sought only a TRO, there was no notice or hearing associated with injunctive relief, and there is no indication that the court's denial of Somerville's motion resulted in irreparable harm. *See id.*; Fed. R. Civ. P. 65(a)(1) (providing that a district court "may issue a preliminary injunction only on notice to the adverse party"); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (holding that a TRO may be appealable under § 1292(a)(1) if, *inter alia*, "the

24-14185                 Opinion of the Court                 3

notice and hearing sought or afforded suggest that the relief sought was a preliminary injunction"); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (holding that the denial of a TRO may be immediately appealable if it "might have a serious, perhaps irreparable, consequence").

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.