**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13454

Non-Argument Calendar

_____

BEVERLY OWEN BARBER,

*Plaintiff-Appellant,*

*versus*

JAVAN PATTON CRAYTON,

Judge, in Her Individual Capacity

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:25-cv-01633-CLM

_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Beverly Barber, pro se, appeals from the district court's September 29, 2025 order denying her motion for a temporary

restraining order ("TRO").  The district court's order is not appealable under 28 U.S.C. § 1291, because it did not end the litigation on the merits.  *See* 28 U.S.C. § 1291 (providing jurisdiction over "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (explaining that a final decision ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

The district court's order is also not appealable under 28 U.S.C. § 1292(a)(1), because it did not deny a request for injunctive relief.  *See* 28 U.S.C. § 1292(a)(1).  Barber's motion explicitly sought only a TRO, there was no notice or hearing associated with injunctive relief, and there is no indication that the court's denial of a TRO resulted in irreparable harm.  *See id.*; Fed. R. Civ. P. 65(a)(1) (providing that a district court "may issue a preliminary injunction only on notice to the adverse party"); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (holding that a TRO may be appealable under § 1292(a)(1) if, inter alia, "the notice and hearing sought or afforded suggest that the relief sought was a preliminary injunction"); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (holding that the denial of a TRO may be immediately appealable if it "might have a serious, perhaps irreparable, consequence").

The order is not immediately appealable under the collateral order doctrine because Barber's motion was not separate from the merits.  Barber sought to stay the enforcement of a state court's arrest warrant and order for attorney's fees that were the subject of

25-13454                Opinion of the Court                3

her complaint, and nothing suggests that the district court's order will be effectively unreviewable on appeal from a final judgment. *See Acheron Cap., Ltd.*, 22 F.4th at 989 (explaining that the collateral order doctrine allows for appeal of a non-final order if it conclusively resolves an important issue completely separate from the merits of an action and would be effectively unreviewable later).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.