**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12804

Non-Argument Calendar

_____

KARA RAE TOWNSEND,

*Plaintiff-Appellant,*

*versus*

MIKE FELLOWS,
   Hon., in his official capacity,
MALLORY K. HARPER,
   Guardian ad Litem, in her official capacity as
   GAL appointed by Hon. Mike Fellows, and in
   her individual capacity,
LEE COUNTY DEPARTMENT OF HUMAN RESOURCES,
TARIANNA ASKEW,
   Social Worker, in her individual capacity,

*Defendants-Appellees.*

2                    Opinion of the Court                    25-12804

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:25-cv-00622-ECM-KFP

_____

Before GRANT, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Kara Townsend, pro se, appeals from the district court's August 8, 2025 order denying her motion for a temporary restraining order ("TRO"). The district court's order is not appealable under 28 U.S.C. § 1291, because it did not end the litigation on the merits. *See* 28 U.S.C. § 1291 (providing jurisdiction over "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (explaining that a final decision ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

The district court's order is also not appealable under 28 U.S.C. § 1292(a)(1), because it did not deny a request for injunctive relief. *See* 28 U.S.C. § 1292(a)(1). Townsend's motion explicitly sought only a TRO, there was no notice or hearing associated with the motion, the district court treated the motion as seeking only a TRO, and there is no indication that the court's denial of a TRO resulted in irreparable harm. *See id.*; Fed. R. Civ. P. 65(a)(1) (providing that a district court "may issue a preliminary injunction only on notice to the adverse party"); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (holding that a TRO may be appealable under § 1292(a)(1) if, inter alia, "the notice

and hearing sought or afforded suggest that the relief sought was a preliminary injunction"); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (holding that the denial of a TRO may be immediately appealable if it "might have a serious, perhaps irreparable, consequence").

The order is not immediately appealable under the collateral order doctrine because Townsend's motion was not separate from the merits. Townsend's motion sought the same relief relating to child custody as her complaint. Moreover, nothing suggests that the district court's order will be effectively unreviewable on appeal from a final judgment. *See Acheron Cap., Ltd.*, 22 F.4th at 989 (explaining that the collateral order doctrine allows for appeal of a non-final order if it conclusively resolves an important issue completely separate from the merits of an action and would be effectively unreviewable later).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.