**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13654

Non-Argument Calendar

_____

WILLIAM GREGORY MERRYMAN,

*Plaintiff-Appellant,*

*versus*

TOWN OF ORANGE PARK,

WILLIAM WHITSON,

RANDY ANDERSON,

WINNETTE SANDLIN,

GLEN TAYLOR, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 3:25-cv-00730-MMH-MCR

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

2                    Opinion of the Court                    25-13654

PER CURIAM:

William Merryman, pro se, appeals from the district court's September 17, 2025 order denying several of his motions, including a motion for a temporary restraining order ("TRO") and two motions for clarification.  He also appeals from the court's October 6, 2025 order denying his request to submit filings electronically.

We lack jurisdiction over Merryman's appeal because the designated orders are not final or otherwise appealable.  *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *id.* § 1292 (providing that appellate jurisdiction includes specific interlocutory orders made appealable by statue or jurisprudential exception).  First, the orders are not appealable under 28 U.S.C. § 1291 because they did not end the litigation on the merits, as Merryman's complaint remains pending in the district court.  *See Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (providing that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).  Additionally, these interlocutory orders are not appealable under the collateral order doctrine because they are not effectively unreviewable on appeal from a final judgment.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if, among other things, it would effectively be unreviewable on appeal from a final judgment).

25-13654                  Opinion of the Court                        3

Furthermore, the portion of the September 17, 2025 order denying Merryman's motion for a TRO is not appealable under 28 U.S.C. § 1292(a)(1) because it did not deny a request for injunctive relief.  *See* 28 U.S.C. § 1292(a)(1); *McDougald v. Jenson*, 786 F.2d 1465, 1472 (11th Cir. 1986) (providing that the denial of a TRO is not appealable).  Merryman explicitly sought a TRO, there was no notice or hearing associated with the injunctive relief, and there was no indication that the court's denial of Merryman's motion resulted in irreparable harm.  *See* Fed. R. Civ. P. 65(a)(1) (providing that a district court "may issue a preliminary injunction only on notice to the adverse party"); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (holding that a TRO may be appealable under § 1292(a)(1) if, among other things, "the notice and hearing sought or afforded suggest that the relief sought was a preliminary injunction"); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (holding that the denial of a TRO may be immediately appealable if it could have a serious or irreparable consequence).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.