**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10526

Non-Argument Calendar

_____

DOMENEQUE PERRY,

*Plaintiff-Appellant*

*versus*

ALABAMA POWER COMPANY,
CYNTHIA ALMOND,
AQUILLA SPIVEY,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:26-cv-00121-ACA

_____

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Domeneque Perry, pro se, filed a complaint seeking injunctive and other relief under 42 U.S.C. § 1983 against the defendants for alleged due process violations.  Perry alleged that the defendants had warned her that they would disconnect her electric service for failure to pay her electric bills.  Perry filed a motion for a temporary restraining order ("TRO") and preliminary injunction, in which she sought to maintain the status quo by enjoining the defendants from disconnecting her electric service.  The district court entered an order denying her motion, and Perry now appeals that order.

The district court's order is not appealable under 28 U.S.C. § 1291, because it did not end the litigation on the merits or resolve any of Perry's claims.  *See* 28 U.S.C. § 1291 (providing jurisdiction over "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (explaining that a final decision ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

The order is also not immediately appealable under the collateral order doctrine because Perry's motion did not present an issue separate from the merits.  *See Acheron*, 22 F.4th at 989 (explaining that the collateral order doctrine allows for appeal of a non-final order if it conclusively resolves an important issue completely separate from the merits of an action and would be effectively unreviewable later).  Perry's motion sought to enjoin the defendants from disconnecting her electric service, which is the same type of relief sought in her complaint, and nothing suggests that

the district court's order will be effectively unreviewable on appeal from a final judgment.  *See id.*

Further, orders regarding TROs are not immediately appealable, and the district court's order did not refuse a preliminary injunction.  *See* 28 U.S.C. § 1292(a)(1) (providing jurisdiction to review orders refusing injunctions); *McDougald v. Jenson*, 786 F.2d 1465, 1472 (explaining that a TRO is not ordinarily appealable). The preliminary injunction label on Perry's motion is not dispositive for purposes of appealability.  *See McDougald*, 786 F.2d at 1472 (explaining that an order labeled as one denying a TRO or one denying a preliminary injunction is not dispositive for purposes of the order's appealability).  The order cannot be classified as refusing a preliminary injunction because there was no notice or hearing associated with the motion; Perry sought to preserve, not change, the status quo; and there is no indication that the court's denial of her motion resulted in irreparable harm.  *See* Fed. R. Civ. P. 65(b)(1), (a)(1)  (explaining that a court "may issue a [TRO] without . . . notice to the adverse party" if certain conditions are met, but it "may issue a preliminary injunction *only* on notice to the adverse party" (emphasis added)); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311 (11th Cir. 1998) (explaining that Rule 65's notice requirement for preliminary injunctions serves to ensure that the non-moving party has "fair opportunity to oppose the [motion] and to prepare for such opposition" (quotation marks omitted)); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (holding that a TRO may be appealable under § 1292(a)(1) if, inter alia, "the notice and hearing sought or afforded suggest that

the relief sought was a preliminary injunction" and "the requested relief seeks to change the status quo"); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (holding that the denial of a TRO may be immediately appealable if it "might have a serious, perhaps irreparable, consequence").

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.